# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JAMES MICHAEL MURPHY** | Case No. 3:18-cv-1506-JR |
| Plaintiff, | **ORDER** |
| v. | |
| **UNITED STATES AIR FORCE,** et al. | |
| Defendants. | |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Jolie A. Russo issued Findings and Recommendations on four motions in this case on October 1, 2018. ECF 71. She recommended that the motion to dismiss filed by the United States Air Force, Air Force Secretary Heather Wilson, President Donald J. Trump, Major General Michael Stencel, Brig. General James Kriesel, Col. Heidi Kjos, Lt. Col. Jonathan Vinson, and Brig. General Jeffrey Silver (collectively, the "Federal Defendants") (ECF 57) be granted. Judge Russo also recommended that the Oregon Department of Military's ("OMD") motion for summary judgment (ECF 44) be granted in part. Finally, Judge Russo recommended that Plaintiff James Murphy's motion for leave to amend (ECF 68)

and motion for leave to file a sur-reply (ECF 61) be denied and that the action be dismissed with prejudice.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party timely files an objection to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Plaintiff timely filed an objection to Judge Russo's Findings and Recommendations. ECF 73. Plaintiff argues that Judge Russo erred (1) by finding that there was identity of claims among the claims against Federal Defendants and Plaintiff's previous slander and defamation claims, (2) by incorrectly applying the *Feres* doctrine to bar Plaintiff's claims against Federal

Defendants, and (3) by finding that Plaintiff's claims against OMD are time-barred. Federal Defendants (ECF 74) and OMD (ECF 75) both filed responses in which they supported Judge Russo's analyses on these points. The Court has reviewed *de novo* the portions of the Findings and Recommendations to which Plaintiff has objected and agrees with Magistrate Judge Russo.

Magistrate Judge Russo correctly found that claim preclusion bars Plaintiff's claims against Federal Defendants. Plaintiff argues that there is no identity of claims to support preclusion of these claims. He notes that he brought his previous claim against individuals for slander, defamation, and malicious prosecution but brings this suit against the government for due process violations. All claims asserted by Plaintiff, however, arise from the same transactional nucleus of facts—Plaintiff's alleged conduct during the November 2011 medical examination. *See United States v. Liquidators of European Fed. Credit Bank*, 630 F.3d 1139, 1151 (9th Cir. 2011) (noting that whether claims share the same transactional nucleus of facts is the most important criterion in determining identity of claims).

Further, Plaintiff could have asserted the claims against Federal Defendants in at least one of the previous suits. Plaintiff alleges that the relevant harm occurred when he was discharged from the military on August 22, 2016. He filed his defamation case against Dr. Heidi Kjos in November 2017, more than a year later. Plaintiff's objection that he brought the previous cases against individuals and brings this case against the government also has no merit. As Judge Russo noted, the United States was the proper defendant in the previous actions. In fact, the United States substituted itself as the defendant in all three cases.

The Court also agrees with Judge Russo's conclusion that the *Feres* doctrine bars Plaintiff's claims against Federal Defendants. Plaintiff correctly notes that the *Feres* doctrine is "not an all-inclusive bar to suits against intra-military wrongs." ECF 73 at 14. Plaintiff's suit,

however, arises from his accuser's allegedly false accusations and the military's subsequent response. Thus, the *Feres* doctrine bars *this* lawsuit because Plaintiff's allegations concern "command or personnel decisions by military personnel." *McGowan v. Scoggins*, 890 F.2d 128, 138 (9th Cir. 1989).

Judge Russo also correctly determined that Plaintiff's claims against OMD are time-barred. Both types of claims that Plaintiff asserts against OMD must be brought within two years of the alleged injury. *See* Or. Rev. Stat. § 30.275(9) (two-year statute of limitations for claims against Oregon state actors); 5 U.S.C. § 552a(g)(5) (two-year statute of limitations for Privacy Act claims). Plaintiff's most recent allegation against OMD dates to February 2016. ECF 1 ¶ 36. Plaintiff filed this case on August 15, 2018—more than two years later.

Finally, the Court agrees that Plaintiff's case should be dismissed with prejudice because amendment would be futile. Even if claim preclusion did not apply, the *Feres* doctrine would still bar Plaintiff's claims against Federal Defendants. Nor does Plaintiff's proposed amended complaint add any allegations against OMD that would bring Plaintiff's claims within the statute of limitations. ECF 68-1. For those portions of Magistrate Judge Russo's Findings and Recommendations to which neither party has objected, this Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent.

The Court **ADOPTS** Magistrate Judge Russo's Findings and Recommendations. ECF 71. The Federal Defendants' motion to dismiss (ECF 57) is **GRANTED**. OMD's motion for summary judgment (ECF 44) is **GRANTED IN PART**, and the Court concludes that all claims asserted by Plaintiff against OMD are time-barred. Plaintiff's motion for leave to amend

(ECF 68) is **DENIED.** Plaintiff's motion for leave to file a sur-reply (ECF 61) is **DENIED** as moot. This action is **DISMISSED WITH PREJUDICE**.

    **IT IS SO ORDERED.**

DATED this 26th day of December, 2019.

/s/ <i>Michael H. Simon</i><br>
Michael H. Simon<br>
United States District Judge